UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEADFAST INSURANCE COMPANY, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| V. § | CIVIL ACTION NO. _____ | |
| § | | |
| TAJ PROPERTIES, L.L.C., § | | |
| § | | |
| Defendant. § | | |

## Original Complaint for Declaratory Judgment

Plaintiff Steadfast Insurance Company ("Steadfast") petitions this court pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, and Fed. R. Civ. P. 57 for a declaration of its liability with regard to a claim presented by defendant Taj Properties, L.L.C., for damages to the Valley Oaks Apartments caused by Hurricane Ike.

## Parties

1. Plaintiff Steadfast Insurance Company ('Steadfast") is a New York corporation with its principal place of business in Illinois.

2. Defendant Taj Properties, L.L.C. ('Taj Properties"), is a Texas limited-liability company with its principal place of business in Texas.

## Jurisdiction and Venue

3. The court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between plaintiffs and defendants and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

4. Venue is proper in this court pursuant to 28 U.S.C. § 1391(a) because the facts giving rise to this claim occurred in this district.

### The Steadfast Excess Policy

5. Steadfast issued its excess property insurance policy XPP 9137730-02 for the coverage period 5-15-08 to 5-15-09. The Steadfast policy provides coverage of $25 million excess of $25 million primary property coverage provided by Lexington Insurance Company ("Lexington") by its policy number 8757070 and by certain underwriters at Lloyd's of London by their policy number N08NA06070.[1]

6. The Insuring Agreement on page 2 of form U-CP-D-527-A CW(6/97) of the Steadfast policy provides:

> A. **INSURING AGREEMENT**
>
> The insurance provided by this Policy is subject to the same terms, warranties, definitions, conditions and exclusions (except as regards premiums, limits of liability, special conditions, general conditions and any other provisions which are inconsistent or in conflict with this Policy) as the policy issued by the Primary Insurer **Lexington Insurance Company and Lloyd's of London**, Policy number 8757070 & N08NA06070, (hereinafter referred to as the Primary Policy), a copy of which is on file with this Company.[2]

7. The "Co-Insurance Clause" of the referenced Lloyd's policy number N08NA06070 provides:

> This Policy is subject to the same terms, conditions, limitations and exclusions as more fully defined in Lexington Insurance Co Policy No 8757070 on the identical subject matter and risk.

---

[1] Lexington and the underwriters at Lloyd's of London issuing the primary policies are sometimes referred to herein simply as the "primary carriers."

[2] This pleading attempts to quote all policy provisions accurately. But, in the event of error, the provision as found in the applicable policy shall control.

8.     Thus, under the above-quoted provisions, the Steadfast policy generally follows the provisions of the Lexington policy.

9.     All three policies name "MRMG" as the insured and provide property coverage for hundreds of properties owned by various entities and individuals, one of which is the property in question in this case, the Valley Oaks Apartments located at 198 Goodwin Drive, Houston, Harris County, Texas 77060, owned by Taj Properties, which is an insured under the policies.

### The Loss

10.    On September 13, 2008, the Valley Oaks Apartments sustained damage caused by Hurricane Ike. The loss was investigated and adjusted by the primary carriers, which had the property inspected by the firm of J. S. Held. That firm prepared a building-damage estimate totaling $633,470.33. After application of a deductible of $136,590, the primary carriers paid a total of $374,394.58 on the loss, with a replacement-cost holdback of $122,485.75.

11.    Taj Properties presented a Sworn Statement in Proof of Loss, a copy of which is attached as **Exhibit 1**. It was signed under oath on April 10, 2009, by Baru Goyal, managing member of Taj Properties. It states the "WHOLE LOSS AND DAMAGE" as $510,954.58 and the "AMOUNT CLAIMED" as $374,394.58.

12.    Taj Properties also presented a Statement as to Full Cost of Repair or Replacement Under the Replacement Cost Coverage, a copy of which is attached as **Exhibit 2**. It also was signed under oath on April 10, 2009, by Baru Goyal. It reflects an "Actual Cash Value Claim" of $374,394.58 and a "Supplemental Claim" of $122,485.75, the latter amount being the replacement-cost holdback.

13. Later, the primary policies were exhausted by payments on other properties. For that reason, any further amount payable with regard to the subject loss to the Valley Oaks Apartments, including the replacement-cost holdback, is due from Steadfast.

## Declaratory Relief Requested

### Replacement-Cost Holdback

14. Steadfast stands ready and willing to pay the amount due for replacement-cost holdback upon presentment by Taj Properties of adequate documentation as to the actual cost of repairs. In this regard, paragraph G.3.e. on page 14 of the Condominium Association Coverage Form (form CP 00 17 04 02) of the Lexington policy provides in part:

> e. We will not pay more for loss or damage on a replacement cost basis than the least of (1), (2) or (3) . . . below:
>
> (1) The Limit of Insurance applicable to the lost or damaged property;
>
> (2) The cost to replace the lost or damaged property with other property:
>
> (a) Of comparable material and quality; and
>
> (b) Used for the same purpose; or
>
> (3) *The amount actually spent that is necessary to repair or replace the lost or damaged property.* (Emphasis added.)

To date, Taj Properties has not presented documentation adequately establishing "[t]he amount actually spent to repair or replace the lost or damaged property." Accordingly, Steadfast asks the court to order Taj Properties to produce such

**Original Complaint for Declaratory Judgment - Page 4**

documentation, and then Steadfast asks the court to declare the amount owned by Steadfast with regard to the replacement-cost holdback.

**Recent Demand for Further Damages**

15. Recently, Steadfast received a letter from Taj Properties' counsel demanding further damages, A copy of this letter is attached as **Exhibit 3**. The letter demands these amounts:

> "$487,319.37 in economic damages;
>
> "$745,545.00 in consequential damages; and
>
> "$394,115.44 for expenses, including attorney's fees . . . ."

16. Other than the replacement-cost holdback discussed above, Steadfast is not aware that further amounts are due for damages suffered to the Valley Oaks Apartments caused by Hurricane Ike. If indeed Taj Properties is claiming that further amounts are due, then Steadfast demands that the amount of loss caused by Hurricane Ike and covered by the Steadfast policy be determined by appraisal, and Steadfast asks the court to so order. In this regard, lines 123 – 140 on pages 3 – 4 of the Lexington policy's Standard Fire Policy Provisions (form CP0121(Ed.07/88)) provide:

> **Appraisal.** In case the Insured and this Company shall fail to agree as to the actual cash value or the amount of the loss, then, on the written demand of either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within twenty (20) days of such demand. The appraisers shall first select a competent and disinterested umpire; and failing for fifteen (15) days to agree upon such umpire, then, on request of the Insured or this Company, such umpire shall be selected by a judge of a court of record in the state in which the property covered is located. The appraisers shall then appraise the loss, stating separately actual cash value and loss to each item; and, failing to agree, shall submit their differences,

only to the umpire.  An award in writing, so itemized, of any two (2) when filed with this Company shall determine the amount of actual cash value and loss.  Each appraiser shall be paid by the party selecting him and the expenses of appraisal and umpire shall be paid by the parties equally.

## Jury Demand

17. Steadfast Insurance Company hereby demands a trial by jury.

## Prayer for Relief

18. For these reasons, plaintiff Steadfast Insurance Company ("Steadfast") requests the following declarations:

- The amount due to Taj Properties, L.L.C., with regard to the replacement-cost holdback for the loss in question in this case; and

- That if Taj Properties, L.L.C., is seeking damages for the loss over and above the amount of the replacement-cost holdback, that the court declare that the amount of loss caused by Hurricane Ike and covered by the Steadfast policy be determined by appraisal.

19. Additionally, Steadfast requests such other and further relief to which it may be entitled, plus its costs of court and attorney fees.

(Signature of counsel appears on the following page.)

Respectfully submitted,

  /s/ George H. Arnold
George H. Arnold
Southern District Bar No. 15948
State Bar No. 00783559
Direct Dial:  (713) 403-8388
E-Mail:  garnold@thompsoncoe.com
One Riverway, Suite 1600
Houston, Texas  77056
Telephone:	(713) 403-8210
Facsimile:	(713) 403-8299

and

Robert O. Lamb
Southern District Bar No. 00095
State Bar No. 11838000
Direct Dial:  (214) 871-8202
E-Mail:  rlamb@thompsoncoe.com
Plaza of the Americas—North Tower
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, Texas  75201
Telephone:	(214) 871-8200
Facsimile:	(214) 871-8209

OF COUNSEL:

Thompson, Coe, Cousins & Irons, L.L.P.
One Riverway, Suite 1600
Houston, Texas  77056
Telephone:	(713) 403-8210
Facsimile:	(713) 403-8299

and

Plaza of the Americas—North Tower
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, Texas  75201
Telephone:	(214) 871-8200
Telecopy:	(214) 871-8209

1528905