```
                    IN THE UNITED STATES DISTRICT COURT
                    FOR THE SOUTHERN DISTRICT OF TEXAS
                              HOUSTON DIVISION

TAJ PROPERTIES, LLC d/b/a          §
VALLEY OAKS APARTMENTS,            §
                                   §
      Plaintiff,                   §
                                   §
v.                                 §        CIVIL ACTION NO. H-10-2512
                                   §
ZURICH AMERICAN INSURANCE          §
COMPANY, GAB ROBINS NORTH          §
AMERICA, INC., and ROGER           §
SAWYER,                            §
                                   §
      Defendants.                  §
```

## MEMORANDUM AND ORDER

Pending are Plaintiff TAJ Properties' Motion to Remand (Document No. 7); Defendant Roger Sawyer's Motion to Dismiss (Document No. 17); Defendant Certain Underwriters at Lloyds of London's Motion to Strike Plaintiff's Amended Complaint and Alternative Motion to Extend Time to Answer (Document No. 16); Defendant Lexington Insurance Company's Motion to Strike Plaintiff's First Amended Complaint and Alternatively, Answer to Plaintiff's First Amended Complaint (Document No. 31); Plaintiff TAJ Properties' Motion for Leave to Amend First Amended Complaint (Document No. 32); and TAJ Properties' Motion to Consolidate Lead Case No. 4:10-CV-2512 and Member Case No. 4:10-CV-02389 (Document No. 20). After carefully considering the motions, responses, replies, and the applicable law, the Court concludes as follows.

I. Background

This is a Hurricane Ike insurance dispute. Plaintiff TAJ Properties ("TAJ") filed a claim under its Texas Commercial Insurance Policy (the "Policy") with Zurich American Insurance Company ("Zurich") because of alleged hurricane damage to commercial property, Valley Oaks Apartments, in Houston, Texas (the "Property").[1] Roger Sawyer ("Sawyer"), an employee of GAB Robins North America, Inc. ("GAB"), allegedly adjusted the claim.[2]

TAJ sued in state court, and Defendants timely removed based on diversity of citizenship, claiming that Sawyer was joined improperly to defeat diversity jurisdiction.[3] It is undisputed that Zurich is a citizen of New York; GAB is a citizen of Delaware and New Jersey;[4] and TAJ and Sawyer are Texas citizens. Therefore, if Sawyer were improperly joined, and the amount in controversy exceeds $75,000, then this Court would have diversity jurisdiction.

---

[1] Document No. 1 at 10, ¶¶ 9-12 (Plaintiffs' Original Petition).

[2] Id. at 3, ¶ 12.

[3] Id. at 3, ¶ 12.

[4] GAB is a Delaware corporation with its principal place of business in New Jersey. Document No. 1 at 3, ¶ 11.

## II. Motion to Remand

### A. Improper Joinder Standard

To establish that a non-diverse defendant has been improperly joined, the removing party must prove either (1) actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff's inability to establish a cause of action against the non-diverse defendant. Ross v. Citifinancial, Inc., 344 F.3d 458, 461 (5th Cir. 2003). Here, Defendants make only the latter argument. Hence, "[t]he court must determine whether there is arguably a reasonable basis for predicting that state law might impose liability" on the non-diverse defendant. Id. at 462. A reasonable basis for state liability requires that there be a *reasonable* possibility of recovery, not merely a *theoretical* one. Id. The Fifth Circuit has explained:

> [T]he standard for evaluating a claim of improper joinder is similar to that used in evaluating a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The scope of the inquiry for improper joinder, however, is broader than that for Rule 12(b)(6) because the court may "pierce the pleadings" and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for the claim.

Campbell v. Stone Ins., Inc., 509 F.3d 665, 669 (5th Cir. 2007) (citing Ross, 344 F.3d at 462-63); *accord* Travis v. Irby, 326 F.3d 644, 648-49 (5th Cir. 2003). Whether or not to "pierce the pleadings" is discretionary, and may be appropriate in order to

identify the presence of discrete and undisputed facts that would preclude a plaintiff's recovery against the non-diverse defendant. Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 574 (5th Cir. 2004). The focus of this summary inquiry must be on whether the defendants were improperly joined in order to defeat diversity, not on the overall merits of the plaintiff's case. Id. at 573.

    B.    Improper Joinder Analysis

TAJ asserts that remand is proper because: (1) diversity is lacking because TAJ and Sawyer are both citizens of Texas; (2) Sawyer did not join in the removal; and (3) the amount in controversy is insufficient to support jurisdiction.[5] Because the consent of improperly joined parties is not necessary for removal, TAJ's first two arguments collapse into one inquiry--whether Sawyer was improperly joined to defeat diversity. *See* Jernigan v. Ashland Oil Inc., 989 F.2d 812, 815 (5th Cir. 1993) ("In cases involving alleged improper or fraudulent joinder of parties, [requiring the written consent of] improperly or fraudulently joined parties would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists.").

Texas law recognizes suits against insurance adjusters in their individual capacities under the Texas Insurance Code and the DTPA. Both the Insurance Code and the DTPA apply to "any person"

---

[5] Id. at 17.

who commits one of the statutes' respective prohibited acts or practices. *See* TEX INS. CODE ANN. § 541.002-541.003 (West 2009); TEX. BUS. & COM. CODE ANN. § 17.50 (West Supp. 2009). Adjusters like Sawyer are considered "persons" under these statutes and may be personally liable for violating the statutes. TEX INS. CODE ANN. § 541.002; <u>Blanchard v. State Farms Lloyds</u>, 206 F. Supp. 2d 840, 845 (S.D. Tex. 2001) (Rosenthal, J.) (holding that insurance adjuster who handled claim may be personally liable for his deceptive acts or practices under the Texas Insurance Code).[6] Because Texas law recognizes these claims against adjusters, the issue becomes whether TAJ properly has stated a claim against Sawyer for his work as the adjuster.

TAJ alleges nothing against Sawyer by name in the "Facts" or "Causes of Action" sections of its claim.[7] Instead, TAJ recites allegations against "Defendants" generally:

> ¶16 Defendants misrepresented to Plaintiff that the damage to the property was not in excess to the amount paid, even though the damage was caused by a

---

[6] TAJ's DTPA claim is based on liability under the Texas Insurance Code. The DTPA provides that "[a] consumer may maintain an action where any of the following constitute a producing cause of economic damages or damages for mental anguish . . . . the use or employment by any person of an act or practice in violation of Chapter 541, Insurance Code." TEX. BUS. & COMM. CODE ANN. § 17.50.

[7] TAJ has filed an Amended Complaint, Document No. 9. The contents of the Amended Complaint do not change the analysis here. TAJ merely adds new parties and has kept the wording of its complaint substantially the same.

5

¶16 covered occurrence. Defendants' conduct constitutes violations of the Texas Insurance Code.

¶17 Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of its [sic] liability to Plaintiffs under the policy. Defendants' conduct constitutes violations of the *Texas Unfair Compensation and Unfair Practices Act*. TEX. INS. CODE Section 541.060(2).

¶18 Defendants failed to explain to Plaintiff the reasons for its offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanation of why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered by the policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. Defendants' conduct constitutes violations of the *Texas Unfair Compensation and Unfair Practices Act*. TEX. INS. CODE Section 541.060(3).

¶19 Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendants' conduct constitutes violations of the *Texas Unfair Compensation and Unfair Practices Act*. TEX. INS. CODE Section 541.060(4).

¶20 Defendants refused to fully compensate Plaintiff, under the terms of the policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property. Defendants' conduct constitutes violations of the *Texas Unfair Compensation and Unfair Practices Act*. TEX. INS. CODE Section 541.060(7).

¶30 Defendants' unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an

      unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

¶31  Defendants' unfair settlement practice, as described above, of failing in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendants' liability under the policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

¶32  Defendants' unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claims, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060, and 541.061.

¶33  Defendants' unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage to the Plaintiff's claims or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060, and 541.061.

¶34  Defendants' unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition [and] an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060, and 541.061.[8]

These are near verbatim recitations of portions of Chapter 541 of the Texas Insurance Code. TAJ's petition fails to allege

---

[8] *See* Document No. 1, ex. 1 at 4-8.

facts describing any actionable conduct by Sawyer individually. *See* Frisby v. Lumbermens Mut. Cas. Co., No. H-07-015, 2007 WL 2300331, at *4 (S.D. Tex. Feb. 20, 2007) (Miller, J.) (finding that listing statutory provisions of the Insurance Code and stating that such provisions were violated by the insurance company and adjuster jointly "[did] not sufficiently separate those actions attributable to [the insurance company] from those of [the individual adjuster]").[9] Plaintiffs must put defendants on fair notice of the allegations against them, not require defendants to "glean" the factual basis of such allegations from a list of ambiguous legal

---

[9] *See also* Bailey v. State Farm Lloyds, No. H-00-3638, 2001 WL 34106907, at *4-6 (S.D. Tex. April 12, 2001) (Gilmore, J.) (finding allegations against both the insurance company and the adjusters that apparently denied the plaintiff's claim were "near-verbatim recitation[s]" of the insurance code that did not state a claim against the adjusters personally because there were no facts alleging what acts were attributable to the adjusters as opposed to the insurance company); Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co., 4:09-cv-165-A, 2009 WL 1437837, at *3-4 (N.D. Tex. May 22, 2009) (finding allegations that listed Insurance Code provisions and asserted that "defendants" violated such provisions were "legal conclusions couched as factual allegations."); Broadway v. Brewer, No. 4:08-cv-475, 2009 WL 1445449, at *2 (E.D. Tex. May 21, 2009) (finding a petition listing statutory provisions of the Insurance Code that were violated by "Defendants" "does not, on its face, allege facts supporting an independent cause of action against [the insurance agent]"); First Baptist Church of Mauriceville, Tex. v. GuideOne Mut. Ins. Co., No. 1:07-CV-988, 2008 WL 4533729, at *6 (E.D. Tex. Sept. 29, 2008) (finding petition listing violations of the Insurance Code committed by the insurance company and then incorporating those violations against the adjuster did not state a claim against the adjuster because "[n]o specific code violations are attributed to [the adjuster]. . . . Ultimately, all allegations are conclusory, wholly lacking specific factual support, and merely assert that [the adjuster] violated the Texas Insurance Code.").

conclusions. *See* Weldon Contractors, 2009 WL 1437837, at *3-4 (holding that the plaintiff's "legal conclusions couched as factual allegations" do not provide a reasonable possibility of recovery).

Allegations merely asserted against "Defendants," without alleging what facts are attributed to the adjuster individually as opposed to the insurance company, do not provide a reasonable basis for recovering from the adjuster. *See* Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co., H-09-1728, 2009 WL 3602043, at *4 (S.D. Tex. Oct. 27, 2009). The petition in Lakewood ambiguously stated factual allegations against "[the insurance company] and [the adjuster]." Id. The petition here is even more general than in Lakewood, grouping all defendants together. *See* Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 260 (5th Cir. 1995) (finding that the complaint did not support a claim against the agent because it did not mention the agent in the facts or causes of action); *cf.* Cruz v. Standard Guar. Ins. Co., H-10-352, 2010 WL 2269846, at *3 (S.D. Tex. June 4, 2010) (adjuster was properly joined when separate causes of action were alleged against him individually). Therefore, TAJ's original petition did not provide a reasonable basis for recovery against Sawyer. Accordingly, because Sawyer was improperly joined, he will be dismissed.[10]

---

[10] Sawyer's Motion to Dismiss (Document No. 17) for defective process is DISMISSED as moot.

    C.    <u>Amount in Controversy</u>

TAJ also contends that its damages do not meet the jurisdictional threshold. TAJ seeks damages in an unspecified amount for "significant loss" to commercial buildings, including extensive structural damage to its property.[11] Additionally, TAJ requests, *inter alia*, treble damages under the insurance code and the DTPA, business interruption damages, exemplary damages, and attorney fees.[12] The damages sought are likely well beyond the $75,000 jurisdictional threshold. Indeed, TAJ sent to Defendants a demand letter on May 20, 2010, eight days before it filed its original petition, wherein TAJ asked for *more than $1 million* to settle the suit.[13] The jurisdictional amount has been met.

### III.   <u>Other Pending Motions</u>

Plaintiff moves to amend its pleadings to add parties to its complaint (Document No. 32). This case is in its nascent stages-- the parties have not met for the Initial Conference and the Court has not entered a Docket Control Order. On balance, the court finds that it is in the interests of justice to allow Plaintiff leave to amend. *See* Fed. R. Civ. P. 15(a).

---

[11] Document No. 1 at 10 (Plaintiff's Original Petition).

[12] <u>Id.</u> at 17-18.

[13] *See* Document No. 18, ex. B at 2.

The motions to strike the amended complaint (Document Nos. 16 and 31) are both DENIED; Defendant Certain Underwriters at Lloyds of London Alternative Motion to Extend Time to Answer (Document No. 16) is GRANTED, and its Answer is due December 13, 2010.

## IV. Motions to Consolidate

TAJ moves to consolidate this case with a declaratory action by Steadfast Insurance Company, No. 4:10-CV-2389, styled <u>Steadfast Insurance Company v. TAJ Properties, LLC d/b/a/ Valley Oaks Apartments</u>.  Steadfast opposes the motion in order to remain in federal court and not be subject to remand, which is now moot. Consolidation is permitted by Federal Rule of Civil Procedure 42(a), which states, "[w]hen actions involving a common question of law of fact are pending before the court . . . it may order all the actions consolidated; and it make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."  FED. R. CIV. P. 42(a).  The two cases involve the same questions of law and fact.  The motion to consolidate will be granted.

## V. Order

For the foregoing reasons, it is

ORDERED that all claims of Plaintiff TAJ Properties against Defendant Roger Sawyer are DISMISSED; Plaintiff TAJ Properties's

Motion to Remand (Document No. 7) is DENIED; and Defendant Roger Sawyer's Motion to Dismiss (Document No. 17) is DISMISSED as moot; and it is further

ORDERED that Plaintiff TAJ Properties's Motion for Leave to Amend (Document No. 32) is GRANTED; Defendant Certain Underwriters at Lloyds of London's Motion to Strike Plaintiff's Amended Complaint (Document No. 16) and Defendant Lexington Insurance Company's Motion to Strike Plaintiff's First Amended Complaint (Document No. 31) are both DENIED, and Certain Underwriters at Lloyds of London's Alternative Motion to Extend Time to Answer is GRANTED and its answer is due by December 13, 2010; and it is further

ORDERED that TAJ Properties' Motion to Consolidate Lead Case No. 4:10-CV-2512 and Member Case No. 4:10-CV-02389 (Document No. 20) is GRANTED, and the two cases are CONSOLIDATED under Cause No. 4:10-CV-2512.

The Clerk shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas, on this 29th day of November, 2010.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

12